Argued and submitted April 2, affirmed May 16, reconsideration denied June 29, petition for review denied August 8, 1984 (297 Or 547)

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY et al,
*Respondents,*

*v.*

MULTNOMAH COUNTY,
*Appellant.*

(A8303-01762; CA A28567)

681 P2d 797

Peter A. Kasting, Assistant County Counsel, Portland, argued the cause for appellant. On the brief were Rhea Kessler, Assistant County Counsel, and John B. Leahy, County Counsel, Portland.

Gregory R. Mowe, Portland, argued the cause for respondents. With him on the brief was Joyce Ann Harpole, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals from a judgment which invalidated Multnomah County Ordinance No. 367 and enjoined defendant from enforcing the ordinance against plaintiffs. We affirm.

■ The ordinance, enacted by defendant in February, 1983, provides for the imposition of permit fees for construction within the right-of-way alongside county roads. Plaintiffs, Oregon utilities, use rights-of-way to provide customer service and challenge the validity of the ordinance. The trial court concluded that the ordinance violates ORS 758.010 and is therefore invalid. We agree.

ORS 758.010(1) provides, in pertinent part:

"* * * [A]ny person or corporation has a right and privilege to construct, maintain and operate its water, gas, electric or communication service lines, fixtures and other facilities along the public roads in this state, as defined in ORS 368.001 or across rivers or over any lands belonging to the state, free of charge, and over lands of private individuals, as provided in ORS 772.210. * * *"

Conceding that the statute prohibits charges for use of the right-of-way, defendant contends that fees which merely defray associated administrative costs are permissible.

A plain reading of the statute indicates that any person or corporation has the right and privilege to construct, maintain and operate water, gas, electric or communication lines, fixtures and other facilities along public roads *free of charge*.[1] As we read this provision, *free of charge* means exactly what it says. Accordingly, we hold that Ordinance No. 367 is inconsistent with state law.

■ Defendant would avoid the effect of ORS 758.010 by contending that it has authority to charge reasonable permit fees to offset administrative costs related to the use of its right-of-way, notwithstanding the statute's *free of charge* language. It claims three sources for that authority: (1) ORS 374.310(1); (2) the Multnomah County Home Rule Charter; and (3) the county's general police power. We find no merit in this threefold contention.

---

[1] Public roads, as defined by ORS 368.001, include the entire right-of-way.

ORS 374.310(1) provides, in pertinent part:

"* * * [T]he county court or board of county commissioners with respect to county roads shall adopt reasonable rules and regulations and may issue permits, *not inconsistent with law,* for the use of the rights of way of such highways and roads for the purposes described in ORS 374.305. * * *" (Emphasis supplied.)

It is obvious that this provision does not authorize Ordinance No. 367, which *is* inconsistent with existing state statutes.

Similarly, the county charter does not authorize defendant to enact ordinances which violate state law. In *City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 274-76, 639 P2d 90 (1981), the Supreme Court reiterated that, although laws enacted pursuant to home rule charters are preeminent in matters of local political organization, legislative enactments remain preeminent in matters concerning "substantive social, economic or other regulatory objectives." Accordingly, any conflict between Ordinance No. 367 and ORS 758.010 must be resolved in favor of the state statute.[2]

Finally, a county's general police power does not extend to matters that have been preempted by state law. *See Water Resources Dept. v. City of Klamath Falls,* 68 Or App 148, 682 P2d 779 (1984); *Schmidt v. Masters,* 7 Or App 421, 429, 490 P2d 1029 (1971); *see also City of Idanha v. Consumers Power,* 8 Or App 551, 560, 495 P2d 294 (1972). The legislature has clearly preempted local governments in the area of access to and use of rights-of-way by utilities in Oregon.

Affirmed.

---

[2] The parties did not brief or argue whether there is any substantive difference between county and city home rule charter provisions in the constitution. *Compare* Article VI, section 10 (county home rule) with Article IV, section 1(5), and Article XI(2) (city home rule). For the purposes of this opinion, we assume that there is not.