Argued and submitted April 18, affirmed July 13, reconsideration denied August 26, petition for review allowed September 20, 1988 (306 Or 660)

**STATE OF OREGON,**
*Respondent,*

*v.*

**SUZANNE H. HITZ,**
*Appellant.*

(451260; CA A46356)

757 P2d 448

Lisa A. Maxfield, Portland, argued the cause for appellant. With her on the brief was Ransom, Blackman & Simson, Portland.

Stephanie Smythe, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant was convicted of misapplication of entrusted property. ORS 165.095. She contends that the state failed to prove one element of the crime and, therefore, that she is entitled to an acquittal.[1] We affirm.

Defendant was an insurance agent. On November 20, 1982, Sanarov asked her to obtain a Farmers Insurance policy on his farm and vehicles. He gave defendant $668 in cash, which she deposited in her fiduciary checking account on November 22. She gave Sanarov a receipt, although it was not in the form prescribed by Farmers for that purpose. Defendant prepared the insurance application, but she set it aside and forgot about it until several weeks later, when she received a call from a loan officer at First Interstate Bank. The loan officer asked defendant to send evidence of Sanarov's insurance. Defendant called Farmers' regional office, because she could not remember what had happened to the application. She was told that there was no record of a Sanarov policy. Defendant sent a new application to Farmers in February, 1983, along with a check for $357. She knew that that was less than Sanarov had given her, but she did not have a record of the correct amount.

On March 18, 1983, a private investigator and an auditor from Farmers performed an investigation and an audit of defendant's books. They found a discrepancy between the amount of cash on hand and the receipts for cash. The auditor also reconstructed the fiduciary account and found that, on November 22, 1982, defendant had deposited $940 and had enough funds to remit Sanarov's $668 to Farmers. By the end of January, however, the account balance was only $226; at the end of February, the balance was $23.63. As of March 18, 1983, the account was $16.65 overdrawn. Defendant did not then have sufficient funds in her fiduciary account or in cash to send Farmers the $311 still due. Moreover, the auditor found that defendant had commingled Farmers' cash receipts and her personal checks in one account.

---

[1] Defendant was convicted and sentenced in August, 1983. She sought post-conviction relief on the basis that the trial court and her trial counsel had failed to advise her of the right to appeal. On October 2, 1987, the post-conviction court signed a stipulated order reinstating defendant's right to appeal. We have jurisdiction pursuant to ORS 138.040.

Ten days after the audit, defendant sent Farmers a check for $311, which it refused to accept. Instead, it asked the district attorney to pursue criminal charges.

Defendant moved for a judgment of acquittal at the close of the state's case on the grounds that the state had failed to prove (1) that she had acted "with the knowledge that the misapplication is unlawful" and (2) that the misapplication "involves a substantial risk of loss or detriment to the owner or beneficiary of such property." Those are two of the elements of misapplication of entrusted property. ORS 165.095(1).[2]

On appeal, however, defendant abandons both arguments. She asserts, instead, that defendant did not "misapply" Sanarov's funds, because her handling of the funds did not violate a statute or government regulation. She argues that the word "misapplies" means "deals with property contrary to a statute or regulation governing the custody or disposition of the property." At the time of defendant's acts, there was no statute or regulation, apart from ORS 165.095, that forbade what she did with Sanarov's money.

We need not decide whether defendant correctly defines "misapplies." She did not preserve the argument in the trial court. That being so, we will not consider it on appeal. *Abbott v. Bob's U-Drive et al.,* 222 Or 147, 162-63, 352 P2d 598 (1960); *State v. White,* 53 Or App 856, 861, 632 P2d 1363 (1981). We reject defendant's suggestion that her conviction was "void" or that there is an error of law apparent on the face of the record. ORAP 7.19(5). Neither do we find "that the error is manifest and that the ends of justice will not otherwise be satisfied" unless we consider the purported error. *State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975).

Affirmed.

---

[2] ORS 165.095(1) provides:

"A person commits the crime of misapplication of entrusted property if, with knowledge that the misapplication is unlawful and that it involves a substantial risk of loss or detriment to the owner or beneficiary of such property, the person intentionally misapplies or disposes of property that has been entrusted to the person as a fiduciary or that is property of the government or a financial institution."