Argued and submitted October 4, the decision of the Court of Appeals and judgment of
the district court reversed December 20, 1988

STATE OF OREGON,
*Respondent on Review,*

*v.*

SUZANNE H. HITZ,
*Petitioner on Review.*

(TC 451260; CA A46356; SC S35480)

766 P2d 373

Lisa A. Maxfield, Ransom, Blackman & Simson, Portland, argued the cause and filed the petition for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

LINDE, J.

## LINDE, J.

Defendant appealed her conviction of a knowing unlawful misapplication of entrusted property, ORS 165.095(1), claiming that the trial court should have entered a judgment of acquittal for lack of evidence that the alleged misapplication was unlawful. The Court of Appeals affirmed the conviction on grounds that defendant "did not preserve the argument in the trial court." 92 Or App 136, 139, 757 P2d 448 (1988). Not having previously examined the elements of this statute, we allowed defendant's petition for review. We reverse the decision of the Court of Appeals and the judgment of conviction.

ORS 165.095(1) provides:

> "A person commits the crime of misapplication of entrusted property if, with knowledge that the misapplication is unlawful and that it involves a substantial risk of loss or detriment to the owner or beneficiary of such property, the person intentionally misapplies or disposes of property that has been entrusted to the person as a fiduciary or that is property of the government or a financial institution."

The section was designed by the Criminal Law Revision Commission to define an offense distinct from existing crimes of embezzlement and fraudulent misapplication of entrusted property by not requiring an intent to deceive, injure, or defraud anyone. The commission's commentary stated the requirements as follows:

> "The *mens rea* requirements of § 166 include: (1) knowledge that the conduct or action is contrary to the legally established rules governing care of entrusted property; and (2) knowledge that such conduct or action involves a substantial risk of loss or detriment to the actual owner or beneficiary of the property; and (3) an intentional misapplication or disposition of that property.

> "Section 166 is intended to reach recklessness in the handling of certain kinds of property by those acting in a fiduciary capacity, *e.g.,* trustees, administrators, executors, attorneys at law, as well as persons who have access to property of the government or financial institutions that do not come within the definition of 'fiduciary.' This type of nonfraudulent misdealing with property is distinguished from theft by the moral quality of the conduct. Misdemeanor sanctions should be sufficient to deter persons from wrongful dealing with property

involving no gain or advantage to the actor or to a third person in whom he is interested."

Commentary to Oregon Criminal Code of 1971, 208 (1975 ed).

Apparent on the face of the statute is a question why the drafters related the required knowledge to the noun "the misapplication" when the operative verbs are both "misapplies" and "disposes of." ORS 165.075(7) defines "misapplies" to mean "dealing with property contrary to law or governmental regulation governing the custody or disposition of that property; governmental regulation includes administrative and judicial rules and orders as well as statutes and ordinances." The alternative verb "disposes of" is not defined, and the state contends that a prosecution need not show what "law or governmental regulation" defendant's disposition of the property violated.

■    It seems, however, that no distinction was intended. The quoted commentary refers both to an "intentional misapplication" and to a "disposition" of property, as well as to "handling," "misdealing," and "wrongful dealing." The statute originated as section 224.13 of the Model Penal Code, which employed the words "applies or disposes of property * * * in a manner which he knows is unlawful * * *." Its clarity was not improved by substituting "misapplies." However the intentional act is described, a defendant must be shown to have known that the act was "contrary to the legally established rules governing care of entrusted property" and posed a substantial risk of loss or detriment to the owner or beneficiary.

In the present case, defendant, an insurance agent, was charged with intentionally misapplying and disposing of $668.00 received as premiums toward an insurance policy that she did not forward in full to the insurance company. Her testimony was that she was ill and her office disorganized and that she mislaid the application and could not reconstruct how much needed to be forwarded, but the jury could disbelieve that explanation and conclude from other evidence that she intentionally did not forward the missing sum. Defendant maintains, however, that she was entitled to a judgment of acquittal because there was no evidence on the element of an "unlawful" misapplication or disposition.

The state refers us to ORS 744.255, which provides for suspension or revocation of an insurance agent's license for "misappropriation or conversion to the licensee's own use, or illegal withholding, of money or property belonging to policyholders, insurers, beneficiaries or others." This statute, however, was not mentioned at trial.

Regardless of this, however, the state argues, and the Court of Appeals held, that defendant's appeal did not preserve her claim for a judgment of acquittal. Defendant argued to the trial court:

> "* * * I believe that the State has not met the burden of proof in showing, first of all, that Ms. Hitz was or had knowledge that any misapplication of funds, if it has at all been shown that there was a misapplication, was done unlawfully. But I think more importantly and I think more (unintelligible) is that there has been absolutely no showing that there was any substantial risk of loss or detriment to the owner or beneficiary of the property in this particular case."

Defendant stressed the argument concerning risk of loss, and the trial judge orally rejected that argument, but the judge said nothing about the first argument, the lack of proof that defendant knew that "any misapplication of funds, if it has at all been shown that there was a misapplication, was done unlawfully."

On defendant's appeal, the state contended that defendant had waived this argument by not pressing it in her oral argument to the trial court. That is no waiver, once an issue has been raised. More substantively, the state conceded in the Court of Appeals that there was no evidence bearing on violation of a law or governmental regulation, but the state contended that such evidence is needed only for the charge that defendant "misapplied" property, not that she "disposed of" property.

Apparently the Court of Appeals ran the state's two contentions together in disposing of the case on grounds that defendant's claim of error was not preserved. The court held that she had "abandoned" the argument that there was no evidence of unlawful misapplication:

> "She asserts, instead, that defendant did not 'misapply' Sanarov's funds, because her handling of the funds did not violate a statute or government regulation. She argues that the word

> 'misapplies' means 'deals with property contrary to a statute or regulation governing the custody or disposition of the property.' At the time of defendant's acts, there was no statute or regulation, apart from ORS 165.095, that forbade what she did with Sanarov's money."

92 Or App at 139, 757 P2d at 449-50. The state's contention of "waiver," however, was not that defendant shifted her grounds on appeal, and we perceive no shift apart from emphasis.

In petitioning this court, defendant understandably feels compelled to argue that a conviction without evidence on an element of the offense is unconstitutional and that the appellate courts have authority to recognize plain error on the face of the record, both of which propositions are true but unnecessary here. We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument. See Cooper v. Eugene Sch. Dist No. 4J,* 301 Or 358, 369 n 12, 723 P2d 298 (1986). The first ordinarily is essential, the second less so, the third least. Thus, when a potential constitutional violation is involved, the parties' omission of a dispositive source or argument of ordinary law cannot compel a court to a needless constitutional decision. *See State v. Kennedy,* 295 Or 260, 267, 666 P2d 1316 (1983).[1] Of course, it is important to efficient judicial procedures that the positions of the parties be clearly presented to the initial tribunal and on appeal. *See, e.g., Shields v. Campbell,* 277 Or 71, 77-78, 559 P2d 1275 (1977). But an equally important justification for requiring preservation of claims of error, consistent with the directive to administer justice "completely," Or Const, Art I, § 10, is fairness to the adversary parties, and courts can avoid taking parties by surprise by inviting memoranda on inadequately briefed questions. *State v. Kennedy, supra,* 295 Or at 268. Efficient procedures are instruments for, not obstacles to,

---

[1] On this court's insistence on examining statutory issues before reaching a constitutional question, *see Nelson v. Lane County,* 304 Or 97, 102 n 2, 743 P2d 692 (1987), *citing, inter alia, Burt v. Blumenauer,* 299 Or 55, 70, 699 P2d 168 (1985); *Planned Parenthood Assn. v. Dept. of Human Res.,* 297 Or 562, 564, 687 P2d 785 (1984); *State v. Painter,* 296 Or 422, 426-27, 676 P2d 309 (1984); *State v. Lowry,* 295 Or 337, 343, 667 P2d 996 (1983); *State v. Davis,* 295 Or 227, 241, 666 P2d 802 (1983); *State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983); *State v. Scharf,* 288 Or 451, 454-55, 605 P2d 690 (1980); *State v. Spada,* 286 Or 305, 309, 594 P2d 815 (1979).

deciding the merits, particularly when the alternative is a criminal conviction that lacks a basis in law or in fact. The state was not ambushed or misled or denied an opportunity to meet defendant's argument in this case.

■　Defendant argued to the trial court that the state had not proved her knowledge "that any misapplication of funds, if it has been shown that there was a misapplication, was done unlawfully." She argued to the Court of Appeals that the state had not proved an element of misapplication required by the statute, that is, violation of a law or regulation outside ORS 165.095 itself. The state's substantive response was that this element is required, by virtue of ORS 165.075(7), for a charge that defendant "misapplied" but not that she "disposed of" the property. We reject that distinction for the reasons already stated. The state made no effort to show such a violation at trial. The motion for judgment of acquittal should have been granted.

The decision of the Court of Appeals and the judgment of the district court are reversed.

**JONES, J.,** concurring.

I write separately to attempt to ensure that there will be no misunderstanding of the words written by Justice Linde:

> "* * * Of course, it is important to efficient judicial procedures that the positions of the parties be clearly presented to the initial tribunal and on appeal. *See, e.g., Shields v. Campbell,* 277 Or 71, 77-78, 559 P2d 1275 (1977). But an equally important justification for requiring preservation of claims of error, consistent with the directive to administer justice 'completely,' Or Const, Art I, § 10, is fairness to the adversary parties, and courts can avoid taking parties by surprise by inviting memoranda on inadequately briefed questions. * * *" 307 Or at 188 (1988).

These words do not diminish the requirement that a party claiming error must present that claim to the trial court before it will be considered on appeal. I agree that courts can invite memoranda on *inadequately briefed* questions, but before doing so the questions must have been presented to the initial tribunal, as well as on appeal.