Argued and submitted January 12, affirmed September 14, 1994

# US WEST COMMUNICATIONS, INC.,
a Colorado corporation;
the Washington Water Power Company,
dba WP Natural Gas,
a Washington corporation;
United Telephone Company of the Northwest,
an Oregon company;
Oregon Independent Telephone Association
and Pacificorp, dba Pacific Power
& Light Company of the Northwest,
an Oregon corporation,
*Appellants,*

*v.*

# JACKSON COUNTY
and Joseph Strahl,
*Respondents.*

(92-0338-E-2; CA A79145)

881 P2d 164

Gregory R. Mowe argued the cause for appellants. With him on the briefs were Charles F. Adams and Mary K. VanderWeele.

Arminda J. Brown argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs, a consortium of utilities, brought this action for declaratory and injunctive relief, challenging a Jackson County ordinance that requires utilities to provide or pay for photographs of preconstruction sites before they may obtain permits to work in county rights-of-way. Defendants, Jackson County and the director of the county's Department of Public Works, moved for summary judgment. The trial court granted defendants' motion and entered judgment in their favor. Plaintiffs appeal from that judgment, assigning error to the trial court's order granting defendants' motion. We affirm.

The facts are not in dispute. Jackson County Ordinance No. 1034.03 requires utilities to obtain a permit before engaging in any construction on existing public rights-of-way to install or to maintain utility service lines and other facilities along those rights-of-way. There is no dispute concerning the validity of that ordinance. On October 30, 1991, Jackson County adopted Order No. 341-91, which authorizes the county Public Works Department to require photographs or videotapes of preconstruction roadway conditions at the proposed construction sites as a prerequisite to granting permits to engage in construction at those sites.

■ Plaintiffs complain that Order No. 341-91 violates ORS 758.010(1), which provides, in part:

"Except within cities, any person or corporation has a right and privilege to construct, maintain and operate its water, gas, electric or communication service lines, fixtures and other facilities along the public roads in this state, as defined in ORS 368.001 or across rivers or over any lands belonging to the state, free of charge, and over lands of private individuals, as provided in ORS 772.210."

Plaintiffs argue that the trial court erred in granting defendants' motion for summary judgment, because Order No. 341-91 impermissibly imposes a "charge" on utilities for the use of a public right-of-way. Plaintiffs argue that the term "charge" must be understood to mean any "obligation" or "duty or task" imposed as a condition of use. In support of their argument, plaintiffs rely on *Pacific N.W. Bell v. Multnomah Co.*, 68 Or App 375, 681 P2d 797, *rev den* 297 Or 547 (1984).

Defendants argue that Order No. 341-91 does not impose a "charge." They argue that "charge" means a fee or other requirement of cash payment. In support of their argument, they, too, rely on *Pacific N.W. Bell v. Multnomah Co., supra.* They contend that plaintiffs' proposed definition of the term would conflict with ORS 374.310, which provides, in pertinent part:

"(1) [T]he county court or board of county commissioners with respect to county roads shall adopt reasonable rules and regulations and may issue permits, not inconsistent with law, for the use of the rights of way of such highways and roads * * *.

"(2) Such rules and regulations and such permits shall include such provisions, terms and conditions as in the judgment of the granting authority may be in the best interest of the public for the protection of the highway or road and the traveling public * * *."

According to defendants, any permit condition constitutes an obligation, duty or task as a condition of use. Therefore, "charge" cannot mean what plaintiffs suggest. Plaintiffs respond that, if Order No. 341-91 does not impose a "charge" within the meaning of ORS 758.010(1), it is still invalid because it is an unreasonable permit condition in violation of ORS 374.310(1). Defendants respond that plaintiffs failed to preserve that issue.

When we interpret a statute, we attempt to ascertain the intent of the legislature. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). We first examine the text of the statute, as well as its context, which includes other provisions of the same statute and other related statutes. 317 Or at 611. We also consider prior judicial construction of the text and context, which is regarded as part of the statutes themselves. *Mathel v. Josephine County,* 319 Or 235, 239-40, 875 P2d 455 (1994).

ORS 758.010(1) provides that utilities may use public rights-of-way "free of charge." The statute does not define the term "charge." The term is commonly understood to mean an "expenditure or incurred expense," or a "price demanded for a thing or service." *Webster's Third New International Dictionary* 377 (unabridged 1976). That common definition is, in fact, what we applied in *Pacific N.W. Bell*

*v. Multnomah Co., supra.* In that case, the plaintiff challenged a county ordinance that imposed a fee to defray administrative costs associated with the use of rights-of-way. We held that

> "[a] plain reading of the statute indicates that any person or corporation has the right and privilege to construct, maintain and operate water, gas, electric or communication lines, fixtures and other facilities along public roads *free of charge.* As we read this provision, *free of charge* means exactly what it says." 68 Or App at 377. (Emphasis in original.)

Accordingly, we held that the challenged ordinance was inconsistent with ORS 758.010(1).

In this case, Order No. 341-91 does not impose any fee, price or other pecuniary liability for the use of a right-of-way. It is, therefore, distinguishable from the ordinance we invalidated in *Pacific N.W. Bell v. Multnomah Co., supra.* We are unpersuaded by plaintiffs' argument that, because the effect of the order costs them money, it must be regarded as imposing the practical equivalent of a fee or a price or other pecuniary liability. That is the effect of *any* permit condition. Indeed, to read the statute as plaintiffs suggest would conflict with ORS 374.310(1), which expressly authorizes counties to impose reasonable permit conditions, which indirectly will always cost the applicant some amount of money to satisfy.

■ As for plaintiffs' alternative contention that, if Order No. 341-91 does not impermissibly impose a "charge," it nevertheless imposes an unreasonable permit condition, we agree with defendants that that issue has not been preserved. Plaintiffs' complaint requests a declaration that Order No. 341-91 violates ORS 758.010(1). It does not ask for a declaration that the order violates ORS 374.310(1) as well. Plaintiffs did mention ORS 374.310(1) in their briefing in opposition to defendants' summary judgment motion. However, defendants objected to any consideration of that statute, on the grounds that it exceeded the scope of the claim before the court. The sole basis for the trial court's decision was that Order No. 341-91 does not violate ORS 758.010(1); it did not mention ORS 374.310(1). We conclude that the question whether Order No. 341-91 violates ORS 374.310(1) is not properly before us. It is not merely a different argument in support of plaintiffs' claim. It is a different claim from the one

that plaintiffs pleaded to the trial court. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988).

Affirmed.