On respondent's petition to reconsider filed February 18, and appellant's petition to reconsider filed February 24, both petitions allowed; former opinion (146 Or App 249, 933 P2d 370) modified and adhered to as modified April 30, petition for review allowed August 12, 1997 (326 Or 43)

**NORTHWEST NATURAL GAS COMPANY,**
an Oregon corporation,
*Appellant,*

*v.*

**CHASE GARDENS, INC.,**
*Respondent,*

*and*

**KEY BANK OF OREGON,**
an Oregon state banking corporation;
Willamette Production Credit Association,
an Oregon business;
Centennial Bank,
an Oregon state banking corporation;
Orix Credit Alliance, Inc.,
an Oregon corporation;
Turco Engineering, Inc.,
an Oregon corporation;
Benno Dobbe, dba Holland America Bulb Farms,
a Washington corporation;
Westar Marketing Company,
abn Oregon Natural Gas Development Corporation,
an Oregon corporation;
and State Accident Insurance Fund,
an Oregon corporation,
*Defendants.*

(16-91-01370; CA A90481)

938 P2d 778

John R. Faust, Jr. and Schwabe, Williamson & Wyatt for appellant's petition.

Joel De Vore and Luvaas, Cobb, Richards & Fraser, P.C., for respondent's petition.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Chase and NWNG[1] have separately moved for reconsideration of our opinion in this case. *Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 146 Or App 249, 933 P2d 370 (1997). We allow the petitions, modify our opinion on Chase's petition and adhere to our opinion as modified.[2]

In our opinion, we declined to consider NWNG's argument that there was no proof that any improper interference caused Chase's damages, because there was no proof that Chase could have paid the lien, on the ground that NWNG failed to preserve the argument in the trial court. 146 Or App at 262 n 10. In its motion, NWNG asked that we decide that argument on the merits. In its briefs, NWNG argued that the January 9, 1991, letter did not cause Chase's damages because the letter could not have prevented Chase from tendering full payment of the lien and demanding full satisfaction. It also argued that there was no evidence that Chase had the financial ability to pay the lien. It did not make either of those arguments at the trial court in support of its motion for a directed verdict. Rather, in arguing that there was no evidence of causation, it stated:

> "Northwest Natural Gas's filing of the lien did not cause Chase's damages. In addition, the letter that we sent on January 9th, 1991, did not cause their damage. Chase Gardens turned off its own gas on January 10, 1991. In addition, Westar filed its own independent lien on January 11, 1991, which would have caused the same situation for Chase Gardens that they claim was caused by the filing of a lien by Northwest Natural Gas. Therefore, Northwest Natural Gas did not cause this situation."

That argument does not contain, or even suggest, the argument that NWNG made on appeal. Nothing that NWNG said relates to whether Chase could have required a satisfaction of the lien by tendering the correct amount or whether it had the ability to tender that amount.

---

[1] We will continue to use the abbreviations and short names that we used in our original opinion.

[2] Our previous opinion adequately states the facts.

In *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988), the Supreme Court distinguished between raising an issue at trial, identifying a source of a claimed position, and making a particular argument. The first step is essential for preserving an issue, the others less so. 307 Or at 188. NWNG argues that, by stating that the letter did not cause Chase's damage, it raised the issue of causation, thereby preserving the specific arguments that it made on appeal. Chase responds that an "issue" under *Hitz* is "a specific reason or rule of law" that should compel a ruling in the party's favor, while an "argument" is a statement about how the rule applies to the case. We do not need to determine whether the *Hitz* categories are as limited as Chase suggests. This answer in this case is clear.

■ ■  NWNG discussed causation in its motion for a directed verdict in an entirely different way from what it now asserts on appeal.[3] It never hinted to the trial court that Chase's ability to pay NWNG's lien was an issue of causation. Rather, its causation argument was that Chase's damages were the result of Chase's own action in shutting off the gas or of another entity's action in filing a separate lien. Causation is a large topic that can have many possible aspects. In its motion, NWNG focused on two specific aspects of that broad topic. It gave the trial court no reason to consider the unrelated aspect that it now argues. In this context, the *Hitz* "issue" that NWNG had to raise at the trial court in order to preserve the argument that it makes on appeal was not causation in general but the relationship between Chase's payment of, or ability to pay, the lien and Chase's damages. Because NWNG did not hint at that issue in its motion for directed verdict, it failed to preserve it for appeal.[4]

---

[3] In its Petition to Reconsider, NWNG relies on its statement that "the letter we sent on January 9, 1991, did not cause their damage" to show that it raised the issue. However, its subsequent statements to the trial court focused its argument on things that have nothing to do with the issues that it now raises on appeal.

[4] NWNG argues that Chase has not properly objected to the causation argument that NWNG made on appeal, because Chase refers to it as the "tender" issue, although NWNG argues *both* that Chase failed to tender the amount of the lien *and* that Chase was financially unable to pay it. Because of the close connection between those issues under the facts of this case, both conceptually and in NWNG's arguments, Chase's objections are sufficient.

We turn to Chase's motion for reconsideration. Chase asks that we delete the final sentence of our opinion, which currently reads:

"Finally, NWNG failed to preserve any claim that the amount of the punitive damages was excessive. *See Oberg v. Honda Motor Co.*, 320 Or 544, 552 n 9, 888 P2d 8 (1995)." 146 Or App at 263.

Chase points out that after the verdict NWNG moved for a new trial on the ground that the punitive damages were excessive and that the trial court denied that motion. Chase suggests that NWNG thereby preserved the issue and asks that we replace the last sentence with a statement holding that the punitive damages were not excessive.

■ NWNG made only a short argument in one of its briefs to support its position that the punitive damages were excessive. It failed to assign the trial court's denial of its motion for a new trial on that ground as error, a failure that led us to believe that it had not preserved the issue at the trial court. It now appears more accurate to say that NWNG failed properly to assign error on the issue in this court. In any case, we agree with Chase that the punitive damages were not excessive under the *Oberg* criteria. We therefore delete the final sentence of our previous opinion and replace it with the following statement:

"Finally, even assuming that NWNG properly assigned error to the trial court's ruling that the award of punitive damages was not excessive, we hold that the damages were within the range that a rational jury could award in light of the record as a whole. *See Oberg v. Honda Motor Co.*, 320 Or 544, 888 P2d 8 (1995)."

Northwest Natural Gas Company's petition for reconsideration allowed; Chase Garden's petition for reconsideration allowed; former opinion modified and adhered to as modified.