Argued and submitted August 13, reversed and remanded October 15, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN LYNN COX,
*Appellant.*

### (CF95-0490; CA A93795)

947 P2d 207

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

■ Defendant appeals his conviction for possession of a controlled substance. ORS 475.992. He was convicted after a trial to the court and assigns error to the trial court's failure to obtain a written waiver of his right to trial by jury as required by ORS 136.001 and Article I, section 11, of the Oregon Constitution. The state concedes that the record contains no such written waiver and that this error requires reversal. We agree, *State v. Taxon*, 142 Or App 484, 485, 920 P2d 567 (1996), and reverse and remand.

■ Defendant also argues that the trial court erred in denying his motion to suppress evidence obtained in a search of a zippered cloth bag in his possession. He contends that his consent to this search was the product of illegal police conduct and also was involuntarily given. We are bound by the trial court's findings of fact so long as there is constitutionally sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We review the trial court's legal conclusions for errors of law. *Id*. We conclude that the trial court erred in denying the motion to suppress.

■ As a threshold matter, the state asserts that the issue of illegal police conduct was not preserved for our review. We disagree. Defendant raised the issue of whether the search of defendant's bag was supported by probable cause at the trial court. The state's closing argument at the hearing on the motion to suppress focused on whether there was probable cause to believe that defendant was committing theft by carrying away stolen goods in his bag. While defendant may not have artfully presented an illegal police conduct argument, the essence of that argument was clearly addressed by the parties and the trial court. The issue is preserved for our review. *State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988).

■ On June 28, 1995, Officer Huffman of the Hermiston Police Department was dispatched to the Shop-n-Kart store to respond to a shoplifting complaint. Defendant had been detained by a store security guard after the guard saw him conceal two tubes of glue, with a total value of $3.58, in a pocket of his shorts. The guard had recovered both tubes of

glue and had not observed defendant taking any other items. Huffman cited defendant for theft in the third degree and escorted him toward the store exit. As they were descending a staircase in the store, a zippered cloth UPS bag fell from defendant's shorts. Huffman asked defendant to allow him to examine the bag, and defendant refused. At that point, Huffman informed defendant that unless he allowed Huffman to search the bag, defendant would be arrested and taken to the police station while Huffman obtained a search warrant. Defendant still refused to consent. Huffman then walked defendant to the store parking lot and summoned his superior officer, Sergeant Terry, on his patrol car radio. While defendant and Huffman were waiting for Terry to arrive, Huffman twice repeated his earlier request to search and threat to arrest, but defendant twice refused.

When Sergeant Terry arrived, the two officers again threatened to arrest defendant if he did not consent to the search. This time defendant consented. Huffman opened the zippered bag and found methamphetamine and drug paraphernalia. Defendant was arrested and charged with possession of a controlled substance.

Defendant argues that the evidence from the search of his bag must be suppressed because it was discovered through exploitation of illegal police conduct. Specifically, defendant asserts that Huffman could not lawfully threaten defendant with arrest, because he did not have probable cause to believe that there was evidence of criminal activity in the bag or that defendant was in the process of carrying stolen items from the store. As defendant notes, "evidence obtained during * * * a [consent] search should be suppressed * * * in those cases where the police have exploited their prior unlawful conduct to obtain that consent." *State v. Rodriguez*, 317 Or 27, 40, 854 P2d 399 (1993).

The state counters that Huffman's threats to arrest were lawful because he had probable cause to believe that the bag contained stolen items and that defendant was therefore committing theft in his presence. That argument is unpersuasive. Probable cause to arrest exists when an officer has "a substantial objective basis for believing that more likely than not an offense has been committed and a person to be

arrested has committed it." ORS 131.005(11). Here, Huffman knew that defendant previously had concealed glue in his shorts and saw him accidentally drop a cloth UPS bag from the same shorts. Huffman testified to no other objective basis for his belief that the bag contained stolen property. That simply is insufficient evidence to support a warrantless arrest. While "[p]robable cause does not require certainty," *State v. Herbert*, 302 Or 237, 241, 729 P2d 547 (1986), it does require a substantially greater objective basis than is present in this case.

Because he lacked probable cause, Huffman could not have lawfully arrested defendant. It follows that his threat to arrest defendant became unlawfully coercive. *Cf. State v. Bopp*, 16 Or App 604, 611-12, 519 P2d 1277 (1974) (finding consent obtained through threat to arrest valid where the arrest "would have been authorized" by law). Further, defendant's consent clearly resulted from exploitation of that unlawful conduct. Defendant several times refused to consent to the search and agreed only after the threat to arrest was made by both Huffman and Terry. Under these circumstances, the evidence must be suppressed. *Rodriguez*, 317 Or at 41.

■ The state also argues that the search was proper as a search incident to arrest. This argument fails because Huffman could not have arrested defendant for the theft of the two packets of glue. Without a warrant, an officer may arrest for theft of property worth less than $50 only if the theft occurs in the officer's presence. ORS 133.310(1)(i); ORS 164.043(2).

Reversed and remanded.