Submitted on record and briefs October 24, 1997, reversed and remanded
January 21, 1998

Beth Jane SHOOK,
*Appellant,*

*v.*

Robin Allyn ACKERT,
aka Robin Allyn Ackeret,
*Respondent,*

*and*

STATE OF OREGON,
*Intervenor.*

(96-0694; CA A93886)

952 P2d 1044

Daniel W. Goff filed the briefs for appellant.

Robin A. Ackeret filed the brief *pro se.*

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, filed the brief for intervenor.

Before De Muniz, Presiding Judge, Deits, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

Petitioner appeals from a judgment entered after the trial court granted respondent's motion to dismiss stalking proceedings. We reverse and remand.

On April 12, 1996, petitioner submitted a form "Oregon Uniform Stalking Complaint" to the Sweet Home Police Department. That complaint alleged that respondent, who was petitioner's "ex-employer" and "ex-friend," had engaged in "phone harassment," had driven by petitioner's home, had repeatedly driven and walked by her workplace, and had come into her workplace after being told not to. On the same day, and based on the allegations of petitioner's complaint, a Sweet Home police officer issued a form "Oregon Uniform Stalking Citation." *See* ORS 163.738(1). The citation informed respondent of petitioner's complaint and directed him to appear before the Linn County Circuit Court and to be prepared to establish why a stalking protective order (SPO) should not be entered. *See* ORS 163.738(2).

On April 19, 1996, the trial court held a hearing on petitioner's application for the issuance of a temporary SPO. Petitioner presented her own testimony and that of other witnesses, describing, *inter alia*, incidents in which respondent had sent petitioner, a married woman, a valentine and roses, had come into her place of business late at night, and had called petitioner repeatedly after she told him not to. Petitioner testified that, on one occasion, respondent, who was intoxicated, left a message on her telephone answering machine: "You're history."

Following the hearing, the court concluded that a sufficient basis existed for the issuance of a temporary SPO, *see* ORS 163.738(2)(a), and issued a form "Temporary Stalking Protective Order and Order To Appear and Show Cause" why the order should not be continued for an indefinite period. The temporary SPO prohibited respondent from having any "contact" with petitioner. The form SPO provided that " 'contact' includes, but is not limited to" the categories of "contact" listed in ORS 163.730(3):

> "(a)   Coming into the visual or physical presence of the other person;

"(b)   Following the other person;

"(c)   Waiting outside the home, property, place of work or school of the other person or of a member of that person's family or household;

"(d)   Sending or making written communications in any form to the other person;

"(e)   Speaking with the other person by any means;

"(f)   Communicating with the other person through a third person;

"(g)   Committing a crime against the other person;

"(h)   Communicating with a third person who has some relationship to the other person with the intent of affecting the third person's relationship with the other person;

"(i)   Communicating with business entities with the intent of affecting some right or interest of the other person;

"(j)   Damaging the other person's home, property, place of work or school; or

"(k)   Delivering directly or through a third person any object to the home, property, place of work or school of the other person."

On April 17, 1996, two days before the hearing on the issuance of the temporary SPO, respondent had moved to dismiss the stalking complaint and the uniform stalking citation on two grounds: (1) The pleadings failed to state a claim permitting the issuance of an SPO; and (2) the "stalking statute" is unconstitutional in several respects and, specifically, that ORS 163.730(3) and ORS 163.738(2)(b) are unconstitutionally overbroad because they purport to restrict speech protected by Article I, section 8, of the Oregon Constitution[1] and the First Amendment to the United States Constitution.[2]

---

[1] Article I, section 8, of the Oregon Constitution, provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

[2] The First Amendment to the United States Constitution provides, in part:

"Congress shall make no law * * * abridging the freedom of speech, or of the press[.]"

On June 10, 1996, the trial court granted respondent's motion, concluding that ORS 163.730(3) is an unconstitutionally overbroad restraint upon speech. In so holding, the court noted that the definition of "contact" in ORS 163.730(3) encompasses constitutionally protected conduct. The court further noted that ORS 163.738(2)[3] authorizes the issuance of a permanent SPO precluding any or all of the species of contact listed in ORS 163.730(3) and that respondent could face criminal sanctions for engaging in constitutionally protected activity—*e.g.*, sending pleadings to petitioner if she were appearing *pro se*—in ostensible violation of such an SPO. Accordingly, the court reasoned, the statute was impermissibly overbroad:

> "[P]rosecution * * * for the crime of stalking would require that [the] elements [in ORS 163.732(1)(b) and (c)] be proven in addition to the broader definition of contact set forth [in ORS 163.730(3)]. But the statutory scheme, and ORS 163.738 in particular, provides for a court ordered restraint upon respondent's conduct short of any criminal conduct. It provides for a court order restraining respondent from any of the contact set forth in ORS [163.738(2)(b)[4]] and by incorporation therein ORS 163.730(3). There are no other elements required. [Respondent] could face prosecution for

---

[3] ORS 163.738(2) provides, in part:

"(a) The hearing shall be held as indicated in the citation. At the hearing, the petitioner may appear in person or by telephonic appearance. The respondent shall be given the opportunity to show cause why a court's stalking protective order should not be entered. The hearing may be continued for up to 30 days. The court may enter:

"* * * * *

"(B) A court's stalking protective order if the court finds by a preponderance of the evidence that:

"(i) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(ii) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(iii) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household.

"(b) In the order, the court shall specify the conduct from which the respondent is to refrain, which may include all contact listed in ORS 163.730. The order is of unlimited duration unless limited by law."

[4] The trial court's "letter opinion" referred to "ORS 163.730(2)(b)." Because no such subsection exists, and because ORS 163.738(2)(b) incorporates ORS 163.730

contempt of court for violating the [SPO] as well as being placed in the position of having to obey a court order which is overbroad by definition."

The trial court dismissed the citation and the complaint and accordingly vacated the SPO.

Petitioner appeals. She asserts, generally, that our decisions in *State v. Rangel*, 146 Or App 571, 934 P2d 1128, *rev allowed* 325 Or 367 (1997), and *Delgado v. Souders*, 146 Or App 580, 934 P2d 1132, *rev allowed* 326 Or 43 (1997), which we issued after the trial court's judgment, compel reversal.

The state, as intervenor on appeal, urges reversal but asserts that this case cannot be resolved by reference solely to *Rangel* and *Delgado*, because the posture of those cases, and the issues presented, differ substantially from those presented here. Specifically, in those cases, we were concerned with whether the statutory bases for the issuance of a civil SPO, ORS 30.866(1), (*Delgado*) or the statutory grounds for the crime of stalking, ORS 163.732, (*Rangel*) were unconstitutionally vague or overbroad. Those cases did not present the central issue here: Are the statutes describing the potential *content* of a criminal SPO, *i.e.*, ORS 163.730(3) and ORS 163.738(2)(b), unconstitutionally overbroad in that those statutes *may authorize* the issuance of an SPO that restrains constitutionally protected activity?

On that dispositive issue, the state asserts:

"ORS 163.738 expressly grants the court the ability to craft its order to avoid the very result that troubled the trial court [*i.e.*, overbreadth]. * * * ORS 163.738(2)(b) describes the permissible scope and duration of the SPO. It provides:

" 'In the order, the court shall specify the conduct from which the respondent is to refrain, which *may* include all contact listed in ORS 163.730. The order is of unlimited duration unless limited by law.'

"(Emphasis added.) By requiring the court to specify the conduct covered by the order and stating that an SPO 'may' require the respondent to refrain from all contact listed in

---

by reference, we infer that the trial court was actually referring to ORS 163.738(2)(b).

ORS 163.730, this subsection necessarily permits the court to enter an SPO that restrains the respondent from less than all of the forms of contact specified in that section. In other words, ORS 163.738(2)(b) permits the court to leave open whatever channels of communication it deems necessary.[4] * * * Many of the forms of contact specified in ORS 163.730(3) do not involve communication at all. In an appropriate case, the court could prohibit only those noncommunicative forms of conduct. * * *

"Because the statute expressly permits the trial court to order the respondent to refrain from less than all the forms of contact specified in ORS 163.730(3), the trial court's concerns were misplaced. The stalking law is not overbroad in violation of the free expression provisions of the constitution.

---

"[4] The state does not concede that the constitution would necessarily prevent a court from ordering a person who has persistently directed the type of threatening expression or conduct prohibited by the stalking laws at another (*see* *State v. Rangel*[, 146 Or App 571, 934 P2d 1128, *rev allowed* 325 Or 367 (1997], describing the type of expression or conduct covered by the stalking law) to stop all communication directed at the victim. The court need not reach that question, however, unless and until a court enters such an order and it is challenged on that basis."

We agree with the state. ORS 163.730(3) and ORS 163.738(2)(b) are not facially overbroad. The latter does not require the issuance of an SPO encompassing all forms of "contact" described in the former. Rather, the court *may* issue an SPO encompassing one or more of those species of "contact." *If* an SPO issues that proscribes arguably protected expression, that order is subject to an "as applied" constitutional challenge.[5] Because the statutes are not unconstitutional on their face, the trial court erred in dismissing the citation and complaint.

Reversed and remanded.

---

[5] We imply no view as to the merits of such a a challenge.