Submitted on remand from the Oregon Supreme Court October 27, sentences vacated; remanded for resentencing; otherwise affirmed December 14, 2005

STATE OF OREGON,
*Respondent,*

*v.*

VENUS VISHAL CHAND,
*Appellant.*

20-01-20659; A117903

125 P3d 38

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David E. Groom, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant was convicted of first-degree assault, ORS 163.185, felon in possession of a firearm, ORS 166.270, and unlawful use of a weapon, ORS 166.220. On appeal, defendant argues that the trial court should have acquitted him of the charges *sua sponte*, and that the trial court erred in imposing sentence on the convictions because it calculated his criminal history score including certain juvenile adjudications. We affirmed without opinion. *State v. Chand*, 193 Or App 329, 92 P3d 767 (2004). The Oregon Supreme Court allowed defendant's petition for review, vacated our decision, and remanded the case to us for reconsideration in light of *State v. Harris*, 339 Or 157, 118 P3d 236 (2005). *State v. Chand*, 339 Or 405, 122 P3d 63 (2005). We reject without discussion defendant's challenge to his convictions, and write to address defendant's argument concerning the use of his juvenile adjudications in calculating his sentencing guidelines sentences.

Defendant argued in the trial court that juvenile adjudications should not be used to determine his criminal history score, and he repeats that argument on appeal. In *Harris*, the court held:

> "[T]he use of prior juvenile adjudications as sentencing factors in Oregon does not violate the jury trial right guaranteed by the Sixth Amendment. At the same time, we also hold that the Sixth Amendment requires that when such an adjudication is offered as an enhancement factor to increase a criminal sentence, its existence must either be proved to a trier of fact or be admitted by a defendant for sentencing purposes following an informed and knowing waiver."

339 Or at 175. Although defendant in the present case did not make the precise argument that the court found dispositive in *Harris*, he sufficiently preserved his challenge to the use of juvenile adjudications in sentencing under the principles announced in *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988). We therefore turn to the merits of defendant's argument.

On his conviction for first-degree assault, defendant received a 90-month mandatory minimum sentence pursuant to ORS 137.700. That mandatory minimum sentence applies to the crime of first-degree assault regardless of a defendant's criminal history. On the conviction for felon in possession of a firearm, the court imposed a consecutive guidelines presumptive sentence of 30 months, based on its conclusion that defendant fell within grid block 6A on the guidelines grid.[1] Had defendant's juvenile adjudications not been included in his criminal history, he would have fallen into grid block 6C, for which the presumptive sentence is 15 to 18 months. The existence of defendant's juvenile adjudications was neither proven to a factfinder nor "admitted by * * * defendant for sentencing purposes following an informed and knowing waiver." *Harris*, 339 Or at 175. We thus conclude that the trial court erred in sentencing defendant.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[1] On the conviction for unlawful use of a weapon, the court imposed a 30-month sentence concurrent with the 90-month sentence for first-degree assault.