Submitted February 11, 2014, affirmed September 10, petition for review denied December 24, 2015 (358 Or 527)

RYAN DAVID SCHULTZ,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV101444; A151005

359 P3d 487

Jason L. Weber filed the brief for appellant.

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Nakamoto, Presiding Judge, and Egan, Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

Petitioner appeals from a judgment dismissing his claims for post-conviction relief, assigning error only to the dismissal of his fourth claim for relief.[1] Petitioner argues that the post-conviction court erred when it dismissed that claim after concluding that petitioner had failed to comply with the attachment requirements of ORS 138.580. As explained below, we conclude that petitioner's argument on appeal is unpreserved and that petitioner has not established plain error by the post-conviction court. Accordingly, we affirm.

The following facts are undisputed. Petitioner and four minors were drinking alcohol at a park alongside a river. While there, petitioner climbed a tree and fell from approximately 10-12 feet into shallow water and struck his head on rocks. As a result, he had an "egg-sized kno[t]" on his forehead and appeared to have difficulty "controlling his limbs." Petitioner then got into a car with the four minors and began driving to leave the park. He ultimately hit a pedestrian, and later crashed the car, killing one of the minors, Hart. At the time of the crash, petitioner's blood-alcohol content was .273. Petitioner was charged with eight counts, including first-degree manslaughter. At trial, petitioner testified that he had purchased and consumed alcohol, and driven a car afterwards, but he could not recall hitting a pedestrian or anything about the crash that led to the death of Hart. He was convicted on all counts and was sentenced to 19 years in prison and 36 months of post-prison supervision.

Petitioner appealed his convictions, and we affirmed without written opinion. *State v. Schultz*, 230 Or App 431, 215 P3d 128, *rev den*, 347 Or 259 (2009). Petitioner sought post-conviction relief, alleging inadequate assistance of trial counsel. He claimed, in relevant part, that his trial counsel failed to present mitigating evidence at sentencing (claim three) and failed to call an expert witness to testify regarding the effect of the head injury that petitioner sustained from falling into the river (claim four). With respect to claim

---

[1] The post-conviction court ultimately denied relief on petitioner's remaining claims, and petitioner does not challenge those rulings on appeal.

four, petitioner alleged that his attorney "[f]ailed to present expert witness testimony to show that Petitioner's reckless behavior was the result of the medical and mental effects upon the Petitioner as the result of a concussion he suffered rather than a result of alcohol consumption."

Defendant moved to dismiss petitioner's claims on the ground that petitioner had failed to satisfy the attachment requirements of ORS 138.580 by neglecting to attach any evidence to his petition that supported his claims for relief.[2]

In response to defendant's motion, petitioner submitted the affidavit of a witness, Lewis, who had been at the river with petitioner. Although he did not claim to be a medical expert, Lewis stated that he saw petitioner fall and hit his head. He also opined that petitioner was "very affected by the head injury." In his response brief, petitioner argued that the Lewis affidavit "establishes Petitioner's *prima facie* case with regard to Petitioner's *claim 3*." (Emphasis added.) The response also argued that petitioner "should be permitted to proceed with *claims 1, 2, and 3* * * * and Defendant's Motion to Dismiss *claim 3* in his First Amended Petition for Post-Conviction Relief should be denied." (Emphasis added.) Petitioner's response did not argue that he should be allowed to proceed on claim 4. Instead, it mentions that he "continues to investigate his claim 4" but that he "possesses no documentary evidence at this time." At a hearing on the motion, defendant withdrew its motion to dismiss claim three.

With regard to petitioner's fourth claim—that his trial counsel failed to call an expert witness regarding petitioner's head trauma—defendant argued that ORS 138.580 "requires that affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition. It is not a—the statute is not a statute that gives leeway to petitioner. He must attach some. The statute says he shall attach some."

The court asked petitioner's counsel whether he had any response to defendant's argument as to the fourth

---

[2] ORS 138.580 requires that "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition."

claim for relief. Petitioner's counsel responded that he had "no evidence to support [his] allegation at this time." The post-conviction court dismissed the fourth claim. Petitioner appeals, assigning error to the post-conviction court's dismissal of his fourth claim.

We begin with defendant's argument that petitioner failed to preserve his assignment of error. Generally, an issue not preserved in the trial court will not be considered on appeal. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000); *see also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court."). Preservation requires a party to "provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343. For the purposes of preservation, there are "distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. * * * The first ordinarily is essential, the second less so, the third least." *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (emphasis in original).

Here, petitioner not only failed to advance an argument below about why he should be allowed to proceed on his fourth claim, he failed to do anything to oppose defendant's motion to dismiss that claim. Petitioner's response to defendant's motion to dismiss all four of his claims argued only that petitioner "should be permitted to proceed with claims 1, 2, and 3." Petitioner mentioned his fourth claim only in the context of conceding that he "possessed no documentary evidence at this time." During the hearing on defendant's motion, petitioner similarly made no attempt to oppose the dismissal of his fourth claim. After defendant spoke in favor of the motion to dismiss the fourth claim, petitioner again acknowledged that he had "no evidence to support that allegation at this time." On appeal, petitioner now argues that ORS 138.580 does not require the attachment of supporting evidence if none exists. But petitioner did not make that argument to the post-conviction court. The state pointedly argued below that "ORS 138.580 * * * emphatically states that petitioner 'shall' attach these documents, thereby

making this a mandatory requirement not subject to equivocation or exception." If petitioner disagreed with that assertion, he was obliged to inform the post-conviction court. He did not. Thus, to the extent that petitioner now argues that he should have been allowed to proceed on the fourth claim despite the lack of any supporting evidence, his argument is unpreserved.

Petitioner also advances an argument that the dismissal of the fourth claim is reviewable as plain error. He argues that he, in fact, *did* comply with ORS 138.580 when he submitted the Lewis affidavit. Petitioner, however, specifically offered that affidavit in support of his third claim, which concerned whether his counsel had failed to present mitigating evidence at sentencing. Petitioner now argues that, although he "did not make the assertion at the time, this same affidavit also supports [his fourth] claim for relief" and that the trial court plainly erred in dismissing his fourth claim in light of that affidavit. Petitioner's argument fails.

The plain error doctrine applies when three requirements are met: (1) the error is an error of law, (2) the legal point is obvious and not reasonably in dispute, and (3) the record is sufficiently well-developed that a court "need not go outside the record or choose between competing inferences" to address the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Even still, should we conclude that an error is plain, we must next weigh whether to exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (explaining that this court's decision to correct plain error is discretionary).

It is not "obvious and not reasonably in dispute" that the post-conviction court should have concluded that the Lewis affidavit was supportive of petitioner's fourth claim for relief. Petitioner expressly offered that affidavit in support of the third claim for relief and, moreover, acknowledged that he had "no evidence" in support of his fourth claim. He asked the court to allow him to proceed on the first, second, and third claims, not the fourth claim. In addition, the fourth claim concerned trial counsel's failure to call an *expert* witness to testify as to petitioner's medical condition

at the time the crimes occurred. Petitioner offers no reason why the post-conviction court should have concluded that the affidavit of Lewis, a nonexpert, had any bearing on that claim. For all of those reasons, the post-conviction court did not plainly err.

Affirmed.