***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 17, affirmed March 1, 2023

In the Matter of R. M. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. N. O.,
*Appellant.*

Polk County Circuit Court
21JU02657; A179167 (Control)

In the Matter of J. R. O.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. R. O.,
*Respondent,*

*v.*

C. N. O.,
*Appellant.*

Polk County Circuit Court
21JU02659; A179168

Suzanne B. Chanti, Senior Judge.

G. Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondent J. R. O.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Mother appeals judgments terminating parental rights to her two children, R and J. The juvenile court concluded that mother was "unfit by reason of conduct or condition seriously detrimental to the child" and that integration of the children into mother's home was improbable within "a reasonable time due to conduct or conditions not likely to change." ORS 419B.504. The court further concluded that termination of parental rights to each of the children was in the best interest of the children. ORS 419B.500.

On appeal, mother does not dispute the juvenile court's finding that she is currently unfit, but contends that the court erred in determining that termination of her parental rights was in the children's best interest. In part, mother argues that the juvenile court should have considered a permanent guardianship instead of termination.

A detailed discussion of the evidence in this case would not benefit the bench, bar, or public. We review *de novo.* ORS 19.415(3)(a). Having reviewed the record, we conclude that mother's argument regarding permanent guardianship in lieu of termination is not preserved. At one point during the termination trial, the juvenile court specifically asked whether any party was seeking permanent guardianship. Both the Department of Human Services (DHS) and mother confirmed that the only question at issue was termination. Even on *de novo* review the prudential concerns relating to preservation, particularly the opportunity for the juvenile court to consider an argument and develop a meaningful record for our review, preclude us from reviewing mother's unpreserved argument as plain error. *See, e.g.*, *State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988) (discussing prudential concerns animating ordinary preservation rules); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (noting that court's function is not to develop arguments parties did not develop themselves).

We conclude there is clear and convincing evidence in the record that integration of R and J into mother's home is improbable within a reasonable time because mother's

conduct and conditions are unlikely to change. ORS 419B.504. Despite years of involvement from DHS, mother persists in conduct that is detrimental to R and J. Given the long-term history of detrimental conduct and the inability to rectify those behaviors, we conclude that those conditions are unlikely to change. Moreover, the evidence in the record of asymmetric bonding between the children and mother, coupled with demonstrated need for permanency for both children, leads us to conclude that termination of mother's parental rights is in the best interest of the children. Although termination of parental rights is a drastic and final step, we conclude that "the benefits to the [children] of ending the [children's] legal relationship with [mother] outweigh the risk of harm posed to the [children] by severing that legal relationship." *Dept. of Human Services v. N. H.*, 322 Or App 507, 520, 520 P3d 424, *rev den*, 370 Or 694 (2022) (explaining ultimate determination court must make).

Affirmed.