Argued and submitted July 20, 2005; resubmitted en banc June 7,
affirmed September 27, 2006

## TEAMSTERS LOCAL UNION #223,
*Respondent,*

*v.*

## LAKE COUNTY,
*Petitioner.*

## ERB UC-9-04; A126592

145 P3d 237

James E. Bailey, III, argued the cause for petitioner. With him on the briefs was Daniel M. Spencer LLC.

Michael J. Tedesco argued the cause for respondent. With him on the brief was the Law Office of Michael J. Tedesco.

Before Brewer, Chief Judge, and Edmonds, Landau, Haselton, Linder, Wollheim, Ortega, and Rosenblum, Judges, and Deits, Judge pro tempore.

WOLLHEIM, J.

Edmonds, J., concurring.

**WOLLHEIM, J.**

Petitioner Lake County petitions for review of an order from the Employment Relations Board (ERB) holding that a Lake County employee, Nicky Alves, was not a "confidential employee" under ORS 243.650(6).[1] We affirm.

In February 2004, respondent Teamsters Local Union #223 (the union) filed a petition for clarification of the public employee status of Alves. The union contended that Alves, who was hired for the new position of associate finance director, should be included in the collective bargaining unit. In March 2004, Lake County filed an objection, arguing that the new position should not be included in the collective bargaining unit because "the position will be that of a 'confidential employee.' " Lake County stated that its position was based on ORS 243.650(6) and prior rulings by ERB. Lake County's objection concluded by requesting a hearing.

In June 2004, an administrative law judge (ALJ) conducted a hearing. At the beginning of the hearing, the ALJ identified the issue as whether the associate finance director was a "confidential employee." Lake County made a brief opening statement:

"The case, from the point of view of Lake County is very straightforward and direct with regard to application of prior ERB rulings and principles. * * *

"It's our position that [the associate finance director] role in collective bargaining is such that she is evaluating the positions and making recommendation on proposals to the union—to the board in union negotiations, that her confidentiality is not only *necessary*, but is clearly called for under prior ERB rules."

(Emphasis added.)

In response, the union argued that merely handling confidential information was not sufficient to make a position a confidential employee under the statute. In addition, the

---

[1] ORS 243.650(6) provides:

" 'Confidential employee' means one who assists and acts in a confidential capacity to a person who formulates, determines and effectuates management policies in the area of collective bargaining."

union argued that there "must be a nexus to the collective bargaining process." In support of its position, the union relied on *OSEA v. Phoenix-Talent School District #4*, 14 PECBR 776 (1993). The union argued that, in that case, ERB interpreted ORS 243.650(6) as requiring the following three-part test: (1) determine whether the employee being assisted formulates, determines, and effectuates management policies for collective bargaining; (2) determine whether the nature of that assistance being rendered involves collective bargaining matters; and (3) determine whether such assistance is a necessary duty of the asserted confidential employee, requiring exclusion from the collective bargaining unit to protect the employer from disclosure of strategies and proposals. Lake County did not object to the union's description of the three-part test under ORS 243.650(6).

After taking testimony, the parties presented oral closing arguments to the ALJ. In its closing argument, Lake County discussed the three-part test and argued that applying the test to the facts of this case required ERB to conclude that the associate finance director position was an ORS 243.650(6) confidential employee position and thus should be excluded from the collective bargaining unit. Specifically, the county argued that the "assistance that she does provide has to be a *necessary* duty of hers." (Emphasis added.)

In the August 10, 2004, proposed order, the ALJ determined that the associate finance director was not a confidential employee. The ALJ applied the three-part test that ERB had previously adopted in interpreting ORS 243.650(6). The ALJ concluded that the associate finance director met the criteria of (1) formulating, determining and effectuating management policies in the area of collective bargaining and (2) providing assistance regarding collective bargaining matters. However, the ALJ concluded that it was not necessary that the associate finance director provide such assistance, explaining:

> "We have previously determined that an employee who occasionally compiles collective bargaining data was not a confidential employee, especially when there is another confidential employee who can perform the same work. We have also decided that being a backup to a confidential employee is not a basis for exclusion from the bargaining

unit. Nor will we deem as confidential an employee who assists in costing bargaining proposals when the work could be performed by a confidential employee.

"Historically, the finance director has provided financial assistance to the County commissioners and bargaining team. Because of problems experienced with the previous finance director, the commissioners wanted an additional person as back up to the finance director. Although we understand the County's reason for wanting two financial specialists, either of whom can perform all of the required financial duties, we do not find that it is necessary that [the associate finance director] provide this assistance. Nor is it necessary to exclude *both* employees as confidential. Therefore, we conclude, that the associate finance director is not a confidential position and is not excluded from the bargaining unit."

(Emphasis in original; citations omitted.)

Pursuant to OAR 115-010-0090,[2] on August 24, 2004, Lake County mailed its objections to the proposed order; however, those objections were not timely filed.[3] Lake County requested that ERB accept its objections even though they were not timely filed. ERB denied Lake County's request to extend the filing deadline and refused to consider the objections. Having refused to consider Lake County's objections, ERB, on September 10, 2004, adopted, verbatim, the proposed findings and issued a final order from which Lake County now petitions for judicial review.

On review, Lake County argues that ERB erred by "exceed[ing] its agency authority by adding a vague, non-statutory requirement to the definition of 'confidential employee' in ORS 243.650(6)." We understand Lake County to be raising two separate arguments on review.[4] One argument is that ERB improperly added the word "necessary" to

---

[2] OAR 115-010-0090 provides, in part:

"The parties shall have 14 days from date of service of a Recommended Order to file specific written objections with the Board. Upon good cause shown, the Board may extend the time within which the objections shall be filed."

[3] OAR 115-010-0010(5) defines "Date of Filing" as the date of receipt by the board.

[4] The concurrence identifies what it takes to be a third "separate position" by the county on appeal, 208 Or App at 280 (Edmonds, J., concurring), namely that, in the present case, ERB, without explanation, "applied a different formulation or

the definition of confidential employee in ORS 243.650(6) and that the addition of "necessary" to ORS 243.650(6) violates principles of statutory interpretation. *See* ORS 174.010; *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). The second argument Lake County raises is that, by adding the word "necessary," ERB made ORS 243.650(6) "impossibly and unconstitutionally vague."

■    Before we consider Lake County's two arguments, we must first address the union's contention that Lake County failed to exhaust administrative remedies. The union argues that, because Lake County did not argue to the ALJ that ERB impermissibly added a term to ORS 243.650(6) and did not argue that ERB's interpretation rendered the statute unconstitutionally vague, we cannot consider those arguments for the first time on judicial review. The union notes that both arguments were raised in Lake County's objections to the proposed order but that Lake County's objections were not considered by ERB because they were not timely filed. In addition, Lake County did not assign error to ERB's failure to consider Lake County's objections. For the above reasons, the union argues that Lake County did not exhaust its administrative remedies, and we are precluded from considering Lake County's arguments.

■■    We disagree with the union's characterization of this issue as a failure to exhaust administrative remedies. "The doctrine of exhaustion [of remedies] applies when a party, without conforming to the applicable statutes or rules, seeks judicial determination of a matter that was or should have been submitted to the administrative agency for decision."

---

legal test than had been applied by ERB in other cases," *id.* at 283 (Edmonds, J., concurring), in violation of ORS 183.482(8)(b)(B). However, the county points to ERB's purported inconsistent applications only to illustrate the seriousness of adding highly malleable "non-statutory elements," such as the term "necessary duty," to ORS 243.650(6). The county has not stressed ERB's purported inconsistent applications in order to advance the separate argument that ERB abused its discretion by departing without explanation from a prior agency position or practice. Indeed, the county's failure even to cite ORS 183.482(8)(b)(B) serves to strengthen that conclusion. The concurrence therefore mistakes the county's strictly subsidiary point for an independent argument, if not for an independent assignment of error. That said, we add that were we to reach the merits of that purported argument we would agree with the concurrence that there is "no substantive difference between the ways in which ERB has formulated the applicable rule." For the reasons stated in the text, however, we do not reach the merits.

*Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 661, 20 P3d 180 (2001). The exhaustion doctrine requires that the issues of the dispute be submitted to the administrative agency for consideration of the merits of the dispute. *Trujillo v. Pacific Safety Supply*, 336 Or 349, 368, 84 P3d 119 (2004).

Here, the union petitioned for clarification of the bargaining unit. Lake County's March 2004 timely objections and request for a hearing satisfied the exhaustion of remedies requirement that the issue be submitted to ERB for a decision on the merits of the dispute. The county was not required to make a further objection—this time to the order proposed by the ALJ—in order to seek judicial review; its failure to make a further objection in a timely manner, therefore, does not mean that it failed to exhaust its administrative remedy.

However, merely because Lake County exhausted its administrative remedies does not mean that we can consider all of the arguments that Lake County raises on judicial review. Pursuant to ORAP 5.45(1), this court will not consider an error raised in an assignment of error unless that error was raised below.[5] We next consider whether Lake County preserved the two arguments it raises on judicial review or whether the doctrine of invited error prevents our consideration of Lake County's arguments.

■ Because it is easier to resolve, we first consider Lake County's second argument on judicial review—that is, by adding the word, "necessary," ERB made ORS 243.650(6) impossibly and unconstitutionally vague. The constitutionality of ORS 243.650(6) was not raised below. The first time that Lake County raised that argument was in its opening brief to this court.[6] The rules of preservation apply on judicial review of final agency orders. *Wahlgren v. DMV*, 196 Or App 452, 457, 102 P3d 761 (2004). In *State v. Riggs*, 143 Or App

---

[5] ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court * * *."

[6] Although Lake County raised this argument in its August 2004 untimely objections to proposed order, those objections were neither accepted nor considered by ERB and are not a part of the record on review.

427, 430, 923 P2d 683 (1996), *rev den*, 325 Or 247 (1997), the defendant argued that he preserved an argument under the Oregon Constitution by citing a specific section of that constitution, even though he made no separate arguments under the Oregon Constitution. On appeal, the defendant made specific arguments under the Oregon Constitution and the state objected, arguing that the defendant failed to preserve any state constitutional argument. We agreed with the state that the defendant failed to preserve any state constitutional argument:

> "By merely citing to [the Oregon Constitution], while making an exclusively *federal* argument below, defendant did not clearly present the position he now takes on appeal. Furthermore, the state was denied the opportunity in the trial court to meet the state constitutional argument. *See also State v. Hickmann*, 273 Or 358, 360, 540 P2d 1406 (1975) (on appeal, case should be heard on same *theory* upon which it was presented in the court below * * *)."

143 Or App at 430 (emphasis in original). Here, Lake County did not even cite *any* constitutional provision to either the ALJ or ERB. Therefore, Lake County did not preserve its argument that ORS 243.650(6) is constitutionally vague. Accordingly, we will not consider that argument on judicial review.[7]

■　It is a slightly closer question whether Lake County preserved its first argument on judicial review, namely, that ERB has improperly added the word, "necessary," to the definition of confidential employee in ORS 243.650(6) and that the addition of "necessary" to ORS 243.650(6) violates principles of statutory interpretation. We conclude that we should not consider Lake County's argument here because the county invited that purported error. The doctrine of invited error "provides that, if an appellant was actively instrumental in bringing about the error, then the appellant cannot be heard to complain, and the case ought not to be reversed because of it." *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005) (internal quotation marks omitted).

---

[7] The concurrence agrees that Lake County did not preserve its argument that ORS 243.650(6) is unconstitutionally vague. 208 Or App at 280 (Edmonds, J., concurring).

Early in its closing argument to the ALJ, the county noted that "the cases are clear to both sides" and establish several principles of law, one of which is that "the assistance that [a classified employee under ORS 243.650(6)] does provide has to be a necessary duty of hers." The county thus was "actively instrumental" in bringing about ERB's purported addition of the nonstatutory term "necessary" or "necessary duty" in its interpretation of "classified employee." We hold, then, that the error, if any, was invited error. We decline, therefore, to consider the county's argument on review.

In sum, we hold that Lake County did not preserve the error, if any, that ERB's interpretation of ORS 243.650(6) was unconstitutionally broad, and that the county invited the error, if any, that ERB's interpretation of that statute erroneously adds a nonstatutory term. We therefore do not consider those arguments on judicial review.[8]

Affirmed.

**EDMONDS, J.,** concurring.

This case involves a determination by the Employment Relations Board (ERB) that Lake County's newly created position of associate finance director is not a confidential position under ORS 243.650(6) and thus is included within Teamsters Local Union #223's bargaining unit.[1] The majority holds that Lake County did not preserve the positions at the agency level that it now takes on appeal; thus, under ORAP 5.45(1), the majority exercises its discretion not to consider them. I write separately because part of the majority's reasoning is inconsistent with the holding of the Oregon Supreme Court in *Stull v. Hoke*, 326 Or 72, 948 P2d 722 (1997). I concur; however, with the majority's result for the reasons expressed below.

---

[8] The concurrence asserts that, by citing ORS 243.650(6) as the basis for excluding the associate finance director as a confidential employee, Lake County preserved the issue it raises on judicial review. 208 Or App at 283 (Edmonds, J., concurring). However, as discussed before, merely citing a statute does not preserve the argument that Lake County raises to us.

[1] ORS 243.650(6) defines a "confidential employee" as an employee "who assists and acts in a confidential capacity to a person who formulates, determines and effectuates management policies in the area of collective bargaining."

In the "Summary of Argument" portion of its brief on appeal, Lake County takes three separate positions: (1) "The ERB has improperly added a non-statutory criterion to the specific wording of ORS 243.650(5) which define[s] what constitutes a 'confidential employee' in collective bargain situations." (2) "Furthermore, in adding a criterion to the statutory definition, the ERB failed to establish a clear and consistent description of the additional element. As a result, the ERB has repeatedly applied several similar, but legally distinct * * * criteri[a]." (3) "[T]he purported criterion is impossibly and unconstitutionally vague."[2]

I agree with the majority that the issue of whether the agency's application of the statute to this case is constitutional was not raised to the agency and that therefore, we should not consider it. I also agree that we should not consider the county's initial position, albeit for a somewhat different legal reason. In closing argument, as the majority correctly observes, the county's counsel argued to the administrative law judge (ALJ) that, under the applicable case law, "[t]he assistance that [the confidential employee] does provide has to be a necessary duty of hers." In other words, the county invited the ALJ to apply a "necessary duty" test to the evidence. Assuming, as the county contends, that

---

[2] The majority does not address what I have characterized as the county's second position, preferring instead to treat the county's brief as conflating its nonconstitutional arguments. *See* 208 Or App at 275-76 n 4. That treatment permits the majority to conclude that any error was invited by the county and thus, to avoid reaching the merits of the county's appeal. I disagree with the majority's methodology for two reasons. First, the argument that ERB improperly added a nonstatutory element to ORS 243.650(6) when it applied the statute to the facts of this case is conceptually different from the argument that ERB failed to apply the same standard to this case that it has applied in other cases. The county correctly recognizes in its brief that our standard of review is pursuant to ORS 183.482(8). Under ORS 183.482(8)(b)(B), a court is required to remand the order to the agency if it determines that the agency's decision is inconsistent with an officially stated agency position, an agency rule or a prior agency practice, unless the inconsistency is explained by the agency. The county's first and second arguments are conceptually different because under the second argument, an agency could apply the same statutory elements inconsistently without adding a nonstatutory element to the analysis, as the first argument asserts. Second, the majority's treatment of the county's brief operates to deprive the county of its "day in court" regarding the interpretation of the statute under which the parties litigated before the ALJ and ERB. Even if the county's brief is written inartfully, we should give it the benefit of all of its arguments on judicial review; the union was not prejudiced by the manner in which the county's second argument was raised on judicial review and met that argument in its brief before this court.

it was error for the ALJ and ERB to insert a "necessary" element into the statutory language under ORS 174.010,[3] an appellant cannot be heard to complain on appeal if it was actively instrumental in bringing about the error. *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006). That is exactly what occurred in this case.

The majority and I, however, part company with regard to whether the county's second position is properly before us. Later, in its brief, the county explains with regard to that position,

"The issue on review is the ERB's improper addition to ORS 243.650(6) of an extra non-statutory criterion.

"* * * * *

"Perhaps [the] most salient point though is that this non-statutory element has been applied by the ERB in at least three different formulations. The formulation in the instant case is whether the *assistance* of the employee in question is necessary. However[,] in 2003[,] in *Teamsters Local Union #206, Petitioner v. City of Coquille*, Case No. UC-32-02 (2003), the ERB stated the test much differently: '[whether] the confidential aid or assistance necessarily involves being privy to and/or involved in the employer's preparation of proposals, policies or other materials for use in collective bargaining negotiations.' Quoting from *AFSCME Council 75 v. North Bend/Coos Curry Housing Authority*, Case No. C-140-84, 8 PECBR 7926, 7929-7930 (1985), and citing to *AFSCME v. City of Eugene*, Case No. UC-10-85, 9 PECBR 8591, 8600 (1986) as well. In this formulation, the focus of the test was whether it [*sic*] the assistance provided necessitated *exposure to* collective bargaining materials.

"A third version of the text was applied last year in *Service Employees International Union Local 503, Oregon Public Employees Union v. Oregon Cascade West Council of Governments*, Case No. UC-16-04 (2004) in which the ERB applied a very different test and conditioned it on whether the assistance was only 'reasonably necessary.' When read

---

[3] ORS 174.010 provides generally that it is the office of a "judge" to declare the meaning of a statute by the words or substance contained therein and not to insert what has been omitted or omit what has been inserted.

in full, it is clear that this version of the criterion is legally distinct from the other versions[.]"

(Emphasis in original.) In his opening statement to the ALJ, the county's counsel said, in part:

"It's our position that her role in collective bargaining is such that she is evaluating the positions and making recommendations on proposals to the union—to the board in union negotiations, that her confidentiality is not only necessary, but is clearly called for under prior ERB rules."

In his closing argument to the ALJ, the county's counsel said, in part:

"The assistance that she does provide has to be a necessary duty of hers. That principle comes from *Department of Justice*, 10 PECBR 942, and *Illinois Valley*, 17 PECBR 493.

"The other case that's relevant is a more recent case, which is *City of Coquille.* * * *

"When you apply the cases to the facts at hand, it's obvious, of course, that the [county board of commissioners] is the party responsible for conducting union negotiations. * * * Her role in providing support in those bargaining negotiations is not incidental. It's not merely input from her. It's not merely a convenience to the board. The board, as the testimony relates here, relies heavily on her knowledge of the economics, her knowledge of the budget, the comparisons that she makes to relevant other counties, and then making a proposal based on those comparisons to the board[.]"

The ALJ ruled contrary to the county's argument that its employee was a "necessary" employee under ORS 243.650(6). In her opinion, she framed the issue as whether the assistance of the employee is

"necessary, thus requiring that the position be excluded from the bargaining unit in order to protect the employer from disclosure of its strategies[.]" *Laborers' International Union of North America, Local No. 121 v. Crook County Park and Recreation Department*, Case NO. RC-3-98, 17 PECBR 929 (1999)."

She concluded:

> "We have previously determined that an employee who occasionally compiles collective bargaining data was not a confidential employee especially when there is another confidential employee who can perform the same work. We have also decided that being a backup to a confidential employee is not a basis for exclusion from the bargaining unit. Nor will we deem as confidential an employee who assists in costing bargaining proposals when the work could be performed by a confidential employee.

> "Historically, the finance director has provided financial assistance to the County commissioners and bargaining team. Because of problems experienced with the previous finance director, the commissioners wanted an additional person as back up to the finance director. Although we understand the County's reason for wanting two financial specialists, either of whom can perform all of the required financial duties, we do not find that it is necessary that Alves provide this assistance. Nor is it necessary to exclude *both* employees as confidential. Therefore, we conclude, that the associate finance director is not a confidential position and is not excluded from the bargaining unit."[4]

(Citations omitted; emphasis in original.)

In sum, the issue litigated at the agency level by the county and determined by the ALJ and ERB was whether the associate finance director position was a confidential position in the collective bargaining process as contemplated by ORS 243.650(6). Part of the determination made by the ALJ concerned whether the assistance rendered by the position was necessary to the formulation, determination, and effectuation of management collective bargaining policies. On judicial review, the county contends that the ALJ and, in turn, ERB applied a different formulation or legal test than had been applied by ERB in other cases. To be sure, the county did not make that precise argument to the ALJ; indeed, it may have not been possible for the county to have anticipated the ALJ's reasoning. But the point is that the proper interpretation of ORS 243.650(6) was clearly in issue before the ALJ and ERB.

---

[4] The board adopted the ALJ's reasoning.

It is that point that implicates the holding in *Stull* for purposes of ORAP 5.45(1). In *Stull*, the issue was whether a civil action was commenced within the period provided for by a statute of limitations. There were three possible constructions of the statute. However, the plaintiff had argued only the first alternative at trial and to this court, raising the issue of whether only that alternative was preserved under ORAP 5.45(1). The Supreme Court held that "plaintiff raised and preserved the broader legal issue—whether the trial court erred in holding that his claims were barred by the statute of limitations[,]" reasoning that "a specific alternative argument regarding that issue can be raised for the first time in this court." *Stull*, 326 Or at 77.

The principle announced in *Stull* under ORAP 5.45(1) controls the issue of preservation in this case. The county raised the broader legal issue concerning the interpretation of ORS 243.650(6). In response, ERB ruled on that issue based on its interpretation of the meaning of ORS 243.650(6). *See State v. Wyatt*, 335 Or 331, 343, 15 P3d 22 (2000) (whether an issue is preserved depends on the parties and the tribunal having had the opportunity to consider the issue). The fact that appellant now argues for the first time on judicial review that the ALJ and the board applied a standard inconsistent with its case law in arriving at their interpretation of the statute does not create a new issue for purposes of ORAP 5.45(1). Rather, as in *Stull*, the county's position constitutes an alternative argument about why the ALJ and the board's interpretation and application of the statute was erroneous. Consequently, the majority errs by declining to consider the county's position that ERB applied a standard in this case that is inconsistent with the standard that it has applied in other cases.

I turn then to the merits of the county's argument. The standard for judicial review of this bargaining unit clarification decision is embodied in ORS 183.482(8)(b)(B), which requires us to remand if an agency's exercise of its discretion is "[i]nconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency[.]" It is under that statute that we consider whether ERB's decision in this case is inconsistent with its pronouncements in other cases. *Assoc. of*

*Engineering Employes v. Dept. of Trans.*, 72 Or App 371, 375, 695 P2d 961 (1985). However, "[w]e cannot review the consistency of [a] holding with other ERB decisions in the absence of a clear and specific formulation of a rule or of an independent basis upon which to assess its validity." *Id*.

Here, the county has not made the required showing. The county argues that

> "ERB has applied at least three different non-statutory tests with three different areas of focus: 1) is classification as 'confidential' reasonably necessary to protect against premature disclosure of information? 2) does the assistance necessarily expose the employee to sensitive materials used in collective bargaining? And in the instant case 3) is the assistance itself necessary as the employer engages in collective bargaining work?"

Taking the county's argument at face value, I discern no substantive difference among the ways in which ERB has formulated the applicable rule. Whether the test is expressed as whether "the assistance of the employee is necessary," or whether "confidential aid or assistance necessarily involves being privy to * * * employer's preparations * * * in collective bargaining negotiations," or whether "the assistance provided necessitated exposure to collective bargaining materials," ERB's formulations of its rule focus, as applied to varying sets of facts, on how necessary the employee's work is to the determination of collective bargaining policy. Because of that ultimate focus, the formulations are insufficiently different to be deemed substantively inconsistent with each other for purposes of judicial review under ORS 183.482(8)(b)(B). Under the circumstances, I conclude that the county has not clearly shown that ERB's order created an inconsistency with its prior case law that ERB is required to explain, and therefore, remand is not warranted.

For the above reason, I concur.

Linder and Rosenblum, Judges, and Deits, Judge pro tempore, join in this concurrence.