IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Local Income Tax

| | | |
|---|---|---|
| VIKRANT SALAR, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250167R |
| | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN SERVICE DISTRICT | ) | |
| and CITY OF PORTLAND, | ) | |
| | ) | |
| Defendants. | ) | **DECISION OF DISMISSAL** |

This matter came before the court on Defendant Metropolitan Service District's (Metro)

Motion to Dismiss, filed May 7, 2025, and Defendant City of Portland's (City) Motion to

Dismiss, filed May 21, 2025, both alleging that Plaintiff failed to first exhaust the available

administrative remedies as necessary to give this court jurisdiction in this matter.  Plaintiff's

appeal arises from a letter he received from the City's Office of Management and Finance

Revenue and Financial Services Division (Revenue Division), addressing his requests for refund

and exemption from the Supportive Housing Services (SHS) tax imposed by Metro.  Plaintiff

responded to both Motions to Dismiss.  This matter is now ready for decision.

I.  STATEMENT OF FACTS

Plaintiff seeks a refund for the SHS tax Plaintiff paid for the 2022 and 2023 tax years and

a prospective exemption from the SHS tax for the 2024 tax year moving forward.  (Compl at 7,

33.)  Plaintiff also seeks a declaration from this court that the SHS tax is unconstitutional.  (*Id.* at

33.)

DECISION OF DISMISSAL  TC-MD 250167R                                                                              1

A.      *Background on SHS Tax*

The SHS tax emerged from Metro's Supportive Housing Services Ballot Measure 26-210, which voters of the region approved on May 19, 2020, and which authorizes Metro to impose a business income tax and personal income tax to fund Supportive Housing Services. (McGair Decl, Ex 1 at 1.)  The SHS tax is imposed at a rate of one percent on taxable income of $200,000 or greater for Metro taxpayers filing a joint return, and $125,000 or greater for single filers.  Metropolitan Service District Code (Metro Code) § 7.06.040.[1]  Metro is the taxing jurisdiction imposing the tax, and the City, via an Intergovernmental Agreement between the City and Metro for the Collection of Business and Personal Income Taxes (IGA), acts as Metro's tax administrator.  (*Id.* at 4.)  The City, through its Revenue Division, determines a taxpayer's liability, issues refunds, and reviews or denies claims made by taxpayers regarding the SHS tax, all pursuant to Metro Code chapter 7.05, administrative rules, and the IGA.  (*See* McGair Decl, Exs 1-2.)  The City's Revenue Division Appeals Board (RDAB)[2] adjudicates appeals filed by SHS income tax filers from final determinations made by the Administrator regarding the SHS tax.  (McGair Decl, Ex 1 at 5.)

B.      *Facts in this Matter*

On May 9, 2024, Plaintiff filed returns for the 2022 and 2023 tax years and paid SHS taxes, plus penalties and interest, for both years.  (Compl, Exs B and C.)  On March 18, 2025,

---

[1] Unless otherwise noted, the court's references to the Metro Code are to 2024.

[2] The City's Motion indicates the RDAB was formerly known as the Business License Appeals Board. (City Mot to Dismiss at 2 n 2.)

Plaintiff sent a letter to the RDAB asking for, among other things, a refund of his 2022 and 2023 tax payments as well as a prospective determination of exemption for tax year 2024 and beyond. (Compl, Ex A at 1-15.) At that time, Plaintiff had not filed amended returns for the 2022 and 2023 tax year, or an original return for the 2024 year. (*Id.*)

On April 4, 2025, the Revenue Division, via its audit supervisor, sent Plaintiff a responsive letter. (Compl, Ex H.) The audit supervisor explained that, under Metro Code section 7.05.150, "the Administrator may * * * grant refunds during any time within the period allowed under Oregon Revised Statutes, chapter 314." (*Id.* at 1.) However, as she further explained, "[t]he division requires requests for refunds to be made by filing an amended return for the year(s) at issue." (*Id.*) The audit supervisor explained that, because the Administrator had not issued any determination, "there is currently nothing to appeal" to the RDAB. (*Id.*) The audit supervisor cited to Metro Code section 7.05.160, which explains the process for protesting an Administrator's determination. (*Id.*)

In response to Plaintiff's request for exemption, the audit supervisor cited Metro Code section 7.05.040. (Compl, Ex H.) That section imposes the SHS personal income tax on the entire Oregon taxable income of a resident of the district and allows for limited exemptions. The letter concluded: "the issues presented in your letter do not allow the Revenue Division to grant an exemption." (*Id.*)

On April 12, 2025, Plaintiff filed his Complaint with this court. (Compl at 1.) On April 15, 2025, Plaintiff filed amended SHS returns for the 2022 and 2023 tax years, requesting

refunds for overpayment of the SHS tax. (Ptf's Resp to Def City's Mot to Dismiss, Exs K – L.)[3] Plaintiff also filed his 2024 return on the same date. (*Id.*, Ex M.)

On April 23, 2025, the Revenue Division issued Notices of Correction (Notices) for Plaintiff's 2022, 2023, and 2024 returns. (*Id.*, Exs O – Q.) Each Notice adjusted the employer withholding Plaintiff had initially provided on his returns, and each stated that Plaintiff had "30 days from the date of this letter to protest this determination under Metro Code 7.05.160." (*Id.*)

In May 2025, Defendants both moved for dismissal of Plaintiff's Complaint on the grounds that the Tax Court lacks jurisdiction over the matter. (Def Metro's Mot to Dismiss at 1; Def City's Mot to Dismiss at 3.) In response, Plaintiff asserts that the letter he claims denied his refund requests and exemption was a "constructive final administrative act, vesting this court with full authority to conduct [a] de novo review[.]" (Ptf's Resp in Opp to Def City's Mot to Dismiss at 2-3.)

## II. ANALYSIS

Plaintiff challenges the Revenue Division's response to his request for refunds and exemption regarding the SHS tax. Plaintiff claims he is aggrieved by the imposition and collection of the SHS tax for tax years 2022 and 2023, and that he is exempt for the 2024 tax year and beyond. Plaintiff also asks the court to declare that the SHS tax is unconstitutional. The issues before the court are whether Plaintiff is aggrieved by any of Defendants' acts, omissions, orders or determinations; whether Plaintiff properly exhausted all of the

---

[3] Plaintiff did not request leave to amend his Complaint but rather included his amended returns in his Response to the City's Motion to Dismiss.

administrative remedies available prior to filing this appeal; and whether the court may provide the declaratory relief Plaintiff seeks.  Aggrievement will be addressed first.

A.    *Aggrievement*

Any person aggrieved by and affected by an act, omission, order or determination of a local government in its administration of a local income tax may appeal to the Magistrate Division of the Oregon Tax Court.  ORS 305.275(1)(a)(E); ORS 305.410(3).[4]  Like state and federal income taxes, local income taxes such as the SHS tax are based on self-assessment; taxpayers file returns based on their own analysis of their income, deductions, and any taxes owned.  In accordance with the concept of self-assessment, this court has held that a taxpayer is not aggrieved by their own return.  *See, e.g.*, *Beesley v. Dept. of Rev.*, TC-MD 021084C, 2003 WL 21235445 at *1 (Or Tax M Div Mar 18, 2003) (dismissing taxpayer's appeal to change filing status from that taken on original return because department did not adjust taxpayer's return so taxpayer was not aggrieved); *Ruiz-Galicia v. Dept. of Rev.*, TC-MD 100768D, 2010 WL 3706449 at *1 (Or Tax M Div Sept 22, 2010) (dismissing taxpayer's appeal of "self-assessed state income tax for tax year 2005" due in part to "no appealable action").  A taxpayer wishing to change an original return may do so by filing an amended return.  Therefore, Plaintiff is not aggrieved by the SHS taxes he paid based on the original 2022 and 2023 returns he filed.

/ / /

_____

[4] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2023. ORS 305.410(3) grants this court jurisdiction over "all questions of law and fact arising under any tax law of a local government that is imposed upon or measured by net income."

Plaintiff appeals from an April 4, 2025, letter from the Revenue Division, which he characterizes as a denial of his 2022 and 2023 refund requests. Here, the Revenue Division did not deny Plaintiff's requested refunds in its letter dated April 4, 2025. Instead, the audit supervisor explained that the Revenue Division requires requests for refunds to be made by filing an amended return. Because Plaintiff paid the taxes owed under his self-assessed 2022 and 2023 returns, the returns did not create a dispute about amounts owed or to be refunded. The Revenue Division's letter did not provide a determination on Plaintiff's request, but rather pointed him to the proper administrative steps to follow. Thus, it does not appear Plaintiff is aggrieved by the Division's April 4, 2025, letter. Even if Plaintiff were aggrieved by the Division's letter, his appeal to this court is premature because he did not exhaust administrative remedies.

B.    *Exhaustion of Administrative Remedies*

As noted above, ORS 305.275(1)(a)(E) permits an appeal to this court for any person aggrieved by and affected by an act, omission, order or determination of a local government in its administration of a local income tax. However, to appeal a local income tax issue to this court, a taxpayer must "* * * first exhaust[] all remedies provided before the local government." ORS 305.275(1)(a)(E). To exhaust one's remedies "* * * requires that the issues of the dispute be submitted to the administrative agency for consideration of the merits of the dispute." *See Lake County v. Teamsters Local Union #223*, 208 Or App 271, 277, 145 P3d 187 (2006) (discussing the doctrine of exhaustion, generally). The exhaustion requirement "is intended to promote 'orderly procedure and good administration.' " *Miller v. City of Portland*, 356 Or 402, 420, 338 P3d 685 (2014) (quoting *Marbet v. Portland Gen. Elect.*, 277 Or 447, 456, 561 P2d 154

(1977)). Taxpayers must first engage with the appropriate administrative agency and give the agency the opportunity to address the dispute and provide a final determination. Once a final determination is reached, a taxpayer may then appeal to this court. *See Miller*, 356 Or at 420; ORS 305.275.

The necessary steps for a taxpayer to challenge a Revenue Division determination are provided in the Metro Code. When an original or amended income tax return is filed with the Revenue Division, the Administrator may review and audit the return, then make a determination whether to grant or deny a claimed refund. *See* Metro Code § 7.05.150(a). If the taxpayer disagrees with the Administrator's determination, they may protest within 30 days. Metro Code § 7.05.160. The protest must explain the general grounds for the protest, and the Administrator must respond within 180 days with a final determination. The final determination must include the reasons for the determination and the time and manner for an appeal. A taxpayer may then appeal the final determination to the appeals board—the RDAB. The decision of the RDAB is final, and there is no further administrative appeal. Metro Code § 7.05.150(g). At that point, either the taxpayer or the Revenue Division may appeal to this court.

Plaintiff argues that the City's April 4, 2025, letter, even if not a final determination, was a constructive denial under ORS 305.275(4). However, that provision requires that the taxpayer be "aggrieved by and affected by an act, omission, order or determination" of the taxing authority. Courts have interpreted this to require some form of finality or refusal to act. Here, the Revenue Division did not refuse to act or remain silent; rather, it responded promptly and directed Plaintiff to the appropriate administrative process—namely, the filing of amended

returns. Because the Division's response did not constitute a final determination or a refusal to act, it does not qualify as an appealable act or omission under ORS 305.275. While the concept of "deemed denial" exists under the Administrative Procedures Act (APA) (ORS 183.490), the APA does not apply to local tax administration and is therefore inapposite.

C.    *Impact of Amended Returns Filed During Pendency of Appeal*

Plaintiff filed amended returns for 2022 and 2023 immediately after filing his Complaint with this court. That action has no bearing on this case. Even if the court construes the amended returns as also amending Plaintiff's Complaint, which it does not, Plaintiff would yet find no resolution in this venue until first exhausting his administrative remedies. Once the Revenue Division makes determinations on Plaintiff's amended returns, Metro Code section 7.05.160 allows him 30 days to protest. The same is true if a determination is made on any subsequently filed 2024 original or amended return. Plaintiff's recently-filed amended returns do not create a cause of action in this court.

D.    *Declaratory Relief*

In addition to his challenge of the Revenue Division's response regarding his requested refunds and exemption, Plaintiff seeks a declaration from this court that the SHS tax is unconstitutional. (Compl at 33.) As discussed, Plaintiff did not exhaust his administrative remedies, as required for this court to have jurisdiction. Such exhaustion is required before Plaintiff may challenge the tax's constitutionality. *See Dennehy v. Dept. of Rev.*, 295 Or 574, 579, 668 P2d 1210, 1213 (1983) (finding that "[s]tatutorily required administrative review may not be ignored simply because the issue is a question of law") (internal citations omitted). The

Oregon Supreme Court has explained, "it is clear from the statutory scheme establishing the tax court that it is to decide whether to set aside administrative orders or determinations and not to proceed without any such order or determination[.]" *Dennehy*, Or at 579. An administrative determination is first required before Plaintiff may challenge the constitutionality of the SHS tax in this court.

Even had Plaintiff exhausted his administrative remedies, this division of the court may not provide declaratory relief. Only a court of record can issue declaratory relief. *See* ORS 28.010. As set out in the Declaratory Judgments Act, ORS 28.010 provides "*[c]ourts of record* within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." (Emphasis added.) The "Magistrate Division is not a court of record; proceedings before it are informal and are not subject to the rules of evidence." *Village at Main St. Phase II, LLC v. Dept. of Rev.*, 356 Or 164, 167, 339 P3d 428 (2014), *citing* ORS 305.430(1) (stating "[p]roceedings before the magistrate division shall not be reported"). Declaratory relief may only be sought in the Regular Division of this court. *See* Tax Court Rule (TCR) 1 (C)(1)(a) (providing that "[p]etitions or complaints for declaratory judgment under ORS chapter 28" must be filed directly with the Regular Division).

### III. CONCLUSION

Plaintiff is not aggrieved by the 2022 and 2023 SHS taxes he self-assessed and paid, or by the Revenue Division's responsive letter. Plaintiff also failed to exhaust all available administrative remedies as required by ORS 305.275 before filing his Complaint. Finally,

Plaintiff's request for declaratory relief is unavailable in the Magistrate Division of this court. Therefore, this court does not have jurisdiction to decide this matter, and Plaintiff's Complaint must be dismissed.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendants' Motions to Dismiss are granted and that Plaintiff's Complaint is dismissed.


_____
RICHARD D. DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard D. Davis and entered on September 24, 2025.*